IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARIA GENOVEVA ANAYA, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-740 |
| TRAYLOR BROS., INC. | § § | |
| Defendant. | § § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises out of fatal injuries suffered by Humberto Anaya ("Anaya") while working for Traylor Bros. Inc. ("Defendant") on the Galveston causeway. Now before the Court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's Motion is **GRANTED,** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

I. Background

Anaya was working as a carpenter on the Galveston causeway construction project where his workstation was generally on a floating barge in Galveston Bay. He was transferred to and from the barge by boat every day. On October 15, 2004, he was drilling bolts in a form that was allegedly inadequately secured. While he was working on the form, a large beam fell, crushing Anaya and causing fatal injuries. The Anaya family ("Plaintiffs") filed for survivor benefits. Plaintiffs claim that they elected these benefits pursuant to the Texas Workers' Compensation Act ("TWCA"), and they filed this action to recover for gross negligence. Traylor's insurance carrier began sending payments to Plaintiffs, who regularly cashed the checks provided. Traylor claims that these payments were made pursuant to the Federal Longshore and Harbor Workers' Compensation Act

("LHWCA").  Defendant now moves for summary judgment arguing that the LHWCA precludes claims for gross negligence.  The Court agrees with Defendant.

II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most favorable to the non-movant.  *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III.  Analysis

*A.  TWCA v. LHWCA*

The Parties argue for application of two different statutory schemes to this case, the TWCA and the LHWCA.  The operative difference between the two schemes is their treatment of exemplary damages for gross negligence.  In short, the TWCA allows them, and the LHWCA does not.  *See* TEX. LABOR CODE ANN. § 408.001 (Vernon Supp. 2005); 33 U.S.C. §§ 904, 905(a).  In other words,

if the TWCA applies to this case, Plaintiffs can continue to pursue their claims. If the LHWCA applies, they cannot.

B. *LHWCA Application*

Plaintiffs argue that Anaya was not covered by the Act, or alternatively, that his work "falls within the 'maritime but local twilight' zone of overlapping federal and state compensation schemes," giving Plaintiffs the sole option of electing benefits under either statutory scheme. Defendant devotes no time to Plaintiffs' first argument, but focuses on the argument that there is no zone of overlapping federal and state compensation schemes in Texas, since the TWCA specifically excludes cases covered by federal compensation statutes.

In order to qualify for coverage under the LHWCA, "a worker must satisfy both a situs and a status test." *Munguia v. Chevron U.S.A. Inc.*, 999 F.2d 808, 810 (5th Cir. 1993). The situs requirement is satisfied when the injury occurs "upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a). There is no question that Anaya, who was on a barge in Galveston Bay, was "upon the navigable waters of the United States" when his injury occurred.

In this case, it is the status test that is outcome determinative. Plaintiffs assert that "certainly a carpenter engaged in highway road work is not included in the list of enumerated occupations within [the LHWCA's] scope." However, this argument ignores clear Fifth Circuit and Supreme Court precedent to the contrary. The status test is found in § 902(3), which defines eligible employees as those "engaged in maritime employment." 33 U.S.C. § 902(3). This status test was added to the LHWCA in the 1972 amendments to the Act which also expanded coverage to include certain areas adjoining navigable waters. *See Director v. Perini N. River Associates*, 459 U.S. 297,

305-306, 103 S. Ct. 634, 641, L. Ed. 2d 465 (1983). Prior to the 1972 amendments, any employee working on navigable waters, no matter his trade or task, would have been covered by the Act. *See id.* The purpose of the added status test "was to extend coverage to those injured in maritime employment on certain areas adjoining previously-covered sites but not actually *on* navigable waters. It thus 'became necessary to describe affirmatively the class of workers Congress desired to compensate.'" *Munguia v. Chevron U.S.A., Inc.*, 999 F.2d 808, 811 (5th Cir. 1993) (citing *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 264, 97 S. Ct. 2348, 2357, 52 L. Ed. 2d 320 (1977)). In post-amendment cases, the Supreme Court held that examination of Congressional intent mandated the limitation of the added status requirement to the land-based coverage that was included in the 1972 amendments. *See Perini*, 459 U.S. at 317-18, 103 S. Ct. at 647-48; *Munguia*, 999 F.2d at 811.

These authorities leave a two part status test to determine eligibility under the Act. The first inquiry is whether the employee was working on navigable waters at the time of his injury. If he was, he is covered by the Act. If he was not, he only satisfies the status test if his employment "is directly connected to the commerce carried on or by the ship or vessel." *Fontenot v. AWI, Inc.*, 923 F.2d 1127, 1130 (5th Cir. 1991). In this case, Anaya was working on navigable waters, so the second prong of the status test is moot. Anaya meets both the situs and status test and was an eligible employee under the Act.

C. TWCA Application

Since the Court finds that Anaya was an eligible employee under the LHWCA, it must consider Plaintiffs' alternative argument, that Anaya was working in a "twilight zone" of overlapping federal and state compensation schemes. Essentially, Plaintiffs argue that Anaya's injuries are covered by both the TWCA and the LHWCA, and Plaintiffs have the option to choose which scheme

they would like to proceed under. This argument is based on the Supreme Court's decision in *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S. Ct. 2432, 65 L. Ed. 2d 458 (1980). In *Sun Ship*, the Court considered whether "a State may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the [LHWCA], as amended in 1972." *Id.* The Court held that it could. *Id.*

*Sun Ship* is inapplicable to this case for two reasons. First, *Sun Ship* was limited to cases covered by the 1972 amendments. This is not one of those cases. As discussed above, Anaya's injury would have been covered pre-1972.[1] Even more importantly, *Sun Ship* does not apply because it was decided in consideration of Pennsylvania law, which was markedly and operatively distinct from the TWCA. Namely, the Pennsylvania workers' compensation statute otherwise applied to the case before the Court. The TWCA does not even apply to Anaya's case, so there is no issue of overlapping statutory schemes. Section 406.091(a)(2) of the TWCA specifically excludes "a person covered by a method of compensation established under federal law." TEX. LABOR CODE ANN. § 406.091(a)(2) (Vernon 1996). As analyzed above, the LHWCA applies to Anaya's case. The LHWCA is a method of compensation established under federal law, so Anaya's injuries are not covered by the TWCA. Plaintiffs' alleged election of TWCA benefits is of no moment. Plaintiffs cannot elect to receive benefits to which they are not entitled. Plaintiffs' only means of compensation for the fatal injuries to Anaya is through the LHWCA.

IV. Conclusion

---

[1] The Court is aware that there is other Supreme Court authority that would have been more applicable to this case. *See e.g., Davis v. Dept. of Labor*, 317 U.S. 249, 63 S. Ct. 225, 87 L. Ed. 246 (1942). However, since *Sun Ship* is inapplicable on other grounds, it is not necessary to analyze these other cases.

Since the LHWCA applies to this case, Plaintiffs cannot recover exemplary damages for gross negligence. Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED**. All of Plaintiffs' claims asserted in this cause of action are **DISMISSED WITH PREJUDICE**. A Final Judgment will be issued contemporaneously with this Order. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 14th day of October 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge

Case 3:04-cv-00740 Document 17 Filed in TXSD on 10/14/05 Page 7 of 7