IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARIA GENOVEVA ANAYA, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-740 |
| TRAYLOR BROS., INC. | § § § | |
| Defendant. | § § § | |

### ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

On October 14, 2005, the Court granted Defendant's Motion for Summary Judgment and dismissed all of Plaintiffs' claims arising out of an accident which resulted in fatal injuries to Humberto Anaya ("Decedent") while working for Defendant on the Galveston causeway. Now before the Court is Plaintiffs' Motion for New Trial. For the following reasons, Plaintiffs' Motion is **DENIED**.

The facts of this case have been laid out by the Court previously and will not be reiterated here. Likewise, the legal rationale for the Court's decision has also been previously laid out. Plaintiffs' Motion presents no new arguments, and is merely another attempt to persuade the Court of its interpretation of the relevant laws. However, the Court is again unconvinced and stands by its previous Order in this case. Specifically, Decedent was not in the "twilight zone" of dual coverage at the time of his injury. Additionally, this Court determines that the Texas Workers' Compensation Act precludes application of the "twilight zone" in this case. The Court acknowledges that two courts have ruled differently, but is unpersuaded by the outcomes in those cases. Plaintiffs are entitled to their full rights of appeal, and this Court will of course follow any interpretations provided

by the Fifth Circuit.

Accordingly, Plaintiff's Motion for New Trial is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 12th day of December 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge